MANN, Judge
(specially concurring).
I would attach conditions to the denial to insure that this appeal is accelerated and promptly disposed of. However, the conditions are unnecessary, and if the State is so concerned as it says about time being of the essence, I would suggest that it ask the trial court to accelerate the times normally allowed so that the matter can be concluded within the next few days. We are certainly not disposed to delay an investigation into a homicide. But I must point out that the trial court has authority under F.A.R. 3.8, 32 F.S.A. to supervise the “fixing or extension of time” within which things must be done. This court can do the same on proper notice if the trial court won’t. F.A.R. 3.6j (2) provides specifically that the times specified “may be reduced or enlarged as provided in Rule 3.8.” This court can dispense with oral argument pursuant to F.A.R. 3.10e, and should do so. F.A.R. 3.12 allows us, on our own motion or that of a party, to accelerate the cause for final hearing.
The question raised is a simple, but reasonably arguable, one. We granted bail pending appeal because the sentence for contempt would have been served prior to decision in the normal course of events, rendering any victory the appellant might obtain here a hollow one. But a month has now elapsed since the original order appealed from. Had the rules been utilized to obtain a prompt resolution of the matter the case could be concluded by now.